# Exhibit A

**Transamerica Life Insurance Policy No.  2687**



**TRANSAMERICA**
**LIFE INSURANCE COMPANY**

Transamerica Life Insurance Company
Home Office: Cedar Rapids, IA 52499
Marketing Office: Los Angeles, CA 90015
Administrative Office: 4333 Edgewood Road N.E.
Cedar Rapids, Iowa 52499

**POLICY FORM  TU SP**
Individual Life Insurance

| INSURED | MR BARRY SIEGAL | ████2687 | POLICY NUMBER |
|---|---|---|---|
| FACE AMOUNT | $1,500,000 | APR 23 03 | DATE OF ISSUE |

Transamerica Life Insurance Company will pay the death benefit to the Beneficiary if the Insured dies while this policy is in force. All payments are subject to the provisions of this policy. Signed for the Company at Los Angeles, California, on the date of issue.

*Craig D. Vernon*

Secretary

*Brenda Clancy*

President

**Right to Examine and Return Policy Within 10 Days** -- At any time within 10 days after you receive this policy, you may return it to us or the agent through whom you bought it. We will cancel the policy and void it from the beginning. We will refund to you any premiums paid.

**Adjustable Life Insurance**
**Minimum Premium Requirement**
**Shown in the Policy Data**
**Flexible Premiums Payable Thereafter**
**During Life of Insured Prior to Age 121**
**Subject to the Limitations Described**
**in the Premiums Provision**

**Death Benefit Payable at Death of Insured**

**Nonparticipating -- No Annual Dividends**

This policy is a legal contract between you, the Owner of this
policy, and Transamerica Life Insurance Company.

## READ YOUR POLICY CAREFULLY

## POLICY SUMMARY

We will pay the death benefit to the Beneficiary if the Insured dies while the policy is in
force and subject to all policy provisions.

You must pay at least the minimum premium per year during the Required Premium
Period shown in the Policy Data and maintain certain policy values or your policy will
Lapse.  If you request an increase in the face amount of this policy, you must also pay
at least the minimum premium per year for the increased portion for that portion's
Required Premium Period following the date of the increase, or your policy will Lapse.
After the Required Premium Period, you may vary the amount of premiums and how
often you pay them, within certain limits, as described in the Premiums provision.
Generally, you may pay premiums as long as the Insured is living, up to the policy
anniversary at Age 121.

Additional benefits, if any, are provided by Rider.

This is only a brief description.  The insurance is fully described in the various provisions
of the policy.

## GUIDE TO POLICY PROVISIONS

### Page

Accumulation Values.........................................12

Alternative Paid-Up Life .....................................20

Application Copy ..................................... after 25

Beneficiary's Rights........................................... 7

Cash Value ....................................................14

Change of Beneficiary........................................ 7

Death Benefit .................................................. 7

Definitions .................................................... 5

Guaranteed Values...........................................12

Grace Period..................................................10

Misstatement of Age or Sex ..............................22

Nonforfeiture Option...........................................20

Option to Change the Face Amount...................19

Ownership and Beneficiary Provision.................6,7

Payment of Cash Value and Loans.................... 22

Policy Data ................................................. 2-4C

Policy Loans ................................................. 14

Policy Statements and Illustrations.................... 22

Premiums .........................................................9

Reinstatement................................................ 11

Riders .................................................. after 25

Table of Guaranteed Maximum
Monthly Deduction Rates ...................................3

Table of Illustrative Policy Values & Benefits ........4

Table of Monthly Expense Charge Rates Per
Thousand .....................................................4A

Table of Surrender Penalties.............................4B

Table of Death Benefit Factors .........................4C

```
CLASS A LOAN
INTEREST RATE   6.10%  IN ADVANCE FOR        FEB 04, 2013  POLICY DATE
                       POLICY YEARS 6-10

                5.66%  IN ADVANCE FOR
                       POLICY YEARS 11 AND LATER

  CLASS B LOAN                                              REINSTATEMENT
INTEREST RATE   6.98%  IN ADVANCE                    6.00%  INTEREST RATE

POLICY NUMBER        2687                              69   AGE OF INSURED

       INSURED  MR BARRY SIEGAL

  FACE AMOUNT  $1,500,000                  APR 23, 2003  DATE OF ISSUE

                                    PREFERRED NONSMOKER   CLASS OF RISK

        OWNER  MR BARRY SIEGAL
```

---

```
MINIMUM INITIAL PREMIUM: $7,937
PLANNED PERIODIC PREMIUMS: $11,816    QUARTERLY

REQUIRED PREMIUM PERIOD: 5 YEARS

REQUIRED PREMIUM PER YEAR FOR THE BASE POLICY: $31,749

REQUIRED PREMIUM PER YEAR FOR THE BASE POLICY AND ALL
ADDITIONAL RIDERS: $31,749

MONTHLY POLICY FEE: POLICY YEARS   1- 3:   $14.33
                    POLICY YEARS   4- 5:   $12.33
                    POLICY YEARS   6-31:   $10.00
                    POLICY YEARS  32 AND LATER:   $0.00


MONTHLY EXPENSE CHARGE PER THOUSAND RATES: SEE POLICY DATA PAGE 4A

GUARANTEED MINIMUM INTEREST RATE:   3.00%

ADMINISTRATIVE CHARGES:
            POLICY YEARS 1-10: 7.00% OF ALL PREMIUMS
            POLICY YEARS 11 AND LATER: 10.00% OF ALL PREMIUMS
```

---

```
NOTE: THIS POLICY MAY TERMINATE IF:
      (1)  THE CASH VALUE MINUS ANY LOAN(S) IS LESS THAN THE MONTHLY
           DEDUCTION DUE, OR
      (2)  THE REQUIRED PREMIUMS FOR THE BASE POLICY AND ANY
           ADDITIONAL RIDERS AND LAYERS ARE NOT PAID IN THEIR
           REQUIRED PREMIUM PERIOD.
```

TABLE OF GUARANTEED MAXIMUM MONTHLY DEDUCTION RATES PER $1,000
FOR BASE POLICY*

| POLICY YEAR | POLICY EXCLUDING RIDERS | POLICY YEAR | POLICY EXCLUDING RIDERS | POLICY YEAR | POLICY EXCLUDING RIDERS |
|---|---|---|---|---|---|
| 1 | 0.956660000 | 41 | 47.435000000 | | |
| 2 | 2.105830000 | 42 | 49.887500000 | | |
| 3 | 2.332500000 | 43 | 52.485830000 | | |
| 4 | 2.597500000 | 44 | 55.235830000 | | |
| 5 | 2.876660000 | 45 | 58.145830000 | | |
| 6 | 3.176660000 | 46 | 61.220830000 | | |
| 7 | 3.503330000 | 47 | 64.469160000 | | |
| 8 | 3.871660000 | 48 | 67.896660000 | | |
| 9 | 4.300000000 | 49 | 71.510830000 | | |
| 10 | 4.797500000 | 50 | 75.316660000 | | |
| 11 | 5.355000000 | 51 | 79.305830000 | | |
| 12 | 5.976660000 | 52 | 83.333330000 | | |
| 13 | 6.652500000 | | | | |
| 14 | 7.368330000 | | | | |
| 15 | 8.150000000 | | | | |
| 16 | 9.019160000 | | | | |
| 17 | 9.985830000 | | | | |
| 18 | 11.049160000 | | | | |
| 19 | 12.198330000 | | | | |
| 20 | 13.420000000 | | | | |
| 21 | 14.701660000 | | | | |
| 22 | 15.978330000 | | | | |
| 23 | 17.235000000 | | | | |
| 24 | 18.551660000 | | | | |
| 25 | 19.940000000 | | | | |
| 26 | 21.402500000 | | | | |
| 27 | 22.850830000 | | | | |
| 28 | 24.265000000 | | | | |
| 29 | 25.771660000 | | | | |
| 30 | 27.378330000 | | | | |
| 31 | 29.092500000 | | | | |
| 32 | 30.730000000 | | | | |
| 33 | 32.182500000 | | | | |
| 34 | 33.727500000 | | | | |
| 35 | 35.370000000 | | | | |
| 36 | 37.105830000 | | | | |
| 37 | 38.934160000 | | | | |
| 38 | 40.875000000 | | | | |
| 39 | 42.934160000 | | | | |
| 40 | 45.119160000 | | | | |

FOR ALL YEARS AFTER THOSE SHOWN, THE GUARANTEED MAXIMUM MONTHLY
DEDUCTION RATE PER $1,000 IS $0.000000000.
-----------------------------------------------------------------------
* TO FIND THE AMOUNT OF MONTHLY DEDUCTION DURING EACH POLICY YEAR,
SEE THE GUARANTEED VALUES SECTION.  A POLICY FEE AS SHOWN ON POLICY
DATA PAGE 2 WILL BE ADDED INTO EACH MONTHLY DEDUCTION.  A MONTHLY
EXPENSE CHARGE PER THOUSAND WILL ALSO BE ADDED TO EACH MONTHLY
DEDUCTION.  THE MONTHLY EXPENSE CHARGE PER THOUSAND RATES ARE SHOWN
ON POLICY DATA PAGE 4A.

TABLE OF ILLUSTRATIVE POLICY VALUES AND BENEFITS (1)

GUARANTEED BASIS (2)

| END OF POLICY YEAR | PLANNED ANNUALIZED PREMIUM | DEATH BENEFIT | ACCUMULATION VALUE (3) | CASH VALUE (4) |
|---|---|---|---|---|
| 1 | $47,264 | $1,500,000 | $14,936 | $0 |
| 2 | $47,264 | $1,500,000 | $9,647 | $0 |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |

AGE 60
AGE 65

---------------------------------------------------------------------------

(1) THE ACCUMULATION AND CASH VALUES RESULT FROM THE INTEREST RATES,
    MONTHLY DEDUCTIONS AND THE TIMELY PAYMENT OF THE PLANNED ANNUALIZED
    PREMIUMS. PARTIAL SURRENDERS, SURRENDER PENALTY-FREE WITHDRAWALS
    OR LOANS MAY CHANGE THESE RESULTS.

(2) RESULTS CALCULATED ON A GUARANTEED BASIS REFLECT GUARANTEED
    MAXIMUM MONTHLY DEDUCTIONS AND THE GUARANTEED MINIMUM INTEREST
    RATE OF 3.00%.

(3) ACCUMULATION VALUES ILLUSTRATED ON A GUARANTEED BASIS REFLECT
    ACCUMULATED NET PREMIUMS PLUS INTEREST AT THE GUARANTEED MINIMUM
    INTEREST RATE OF 3.00% LESS GUARANTEED MAXIMUM MONTHLY DEDUCTIONS
    WHICH INCLUDE THE POLICY FEE, THE MONTHLY EXPENSE CHARGE PER
    THOUSAND AND THE COST OF ANY RIDERS. WHILE A POLICY LOAN(S) EXISTS,
    THE INTEREST RATE APPLICABLE TO THE CASH VALUE SECURING THE
    LOAN(S) MAY DIFFER FROM THE INTEREST RATE APPLICABLE TO THE CASH
    VALUE NOT SECURING THE LOAN(S).

(4) THE DIFFERENCE BETWEEN THE ACCUMULATION VALUE AND THE CASH VALUE
    IS THE SURRENDER PENALTY.

PREMIUMS ARE SUBJECT TO REFUND UNDER CONDITIONS DESCRIBED IN THE POLICY.

TABLE OF MONTHLY EXPENSE CHARGE RATES PER $1,000 FOR BASE POLICY

| POLICY YEAR | MONTHLY EXPENSE CHARGE RATES | POLICY YEAR | MONTHLY EXPENSE CHARGE RATES | POLICY YEAR | MONTHLY EXPENSE CHARGE RATES |
|---|---|---|---|---|---|
| 1 | 0.674200000 | | | | |
| 2 | 0.674200000 | | | | |
| 3 | 0.674200000 | | | | |
| 4 | 0.674200000 | | | | |
| 5 | 0.674200000 | | | | |
| 6 | 0.674200000 | | | | |
| 7 | 0.674200000 | | | | |
| 8 | 0.674200000 | | | | |
| 9 | 0.674200000 | | | | |
| 10 | 0.674200000 | | | | |
| 11 | 0.404200000 | | | | |
| 12 | 0.404200000 | | | | |
| 13 | 0.404200000 | | | | |
| 14 | 0.404200000 | | | | |
| 15 | 0.404200000 | | | | |
| 16 | 0.404200000 | | | | |
| 17 | 0.404200000 | | | | |
| 18 | 0.404200000 | | | | |
| 19 | 0.404200000 | | | | |
| 20 | 0.404200000 | | | | |
| 21 | 0.404200000 | | | | |
| 22 | 0.404200000 | | | | |
| 23 | 0.404200000 | | | | |
| 24 | 0.404200000 | | | | |
| 25 | 0.404200000 | | | | |
| 26 | 0.404200000 | | | | |
| 27 | 0.404200000 | | | | |
| 28 | 0.404200000 | | | | |
| 29 | 0.404200000 | | | | |
| 30 | 0.404200000 | | | | |
| 31 | 0.404200000 | | | | |
| 32 | 0.000000000 | | | | |

FOR ALL YEARS AFTER THOSE SHOWN, THE MONTHLY EXPENSE CHARGE RATE PER $1,000 IS $0.0000.

```
          TABLE OF SURRENDER PENALTIES PER $1,000 OF
                  BASE POLICY FACE AMOUNT

          SURRENDER PENALTY PERIOD:   15 YEARS

     POLICY YEAR             SURRENDER PENALTY FACTOR

          1                           55.00
          2                           52.80
          3                           50.60
          4                           48.50
          5                           46.40
          6                           44.30
          7                           42.20
          8                           40.20
          9                           38.20
         10                           36.20
         11                           30.10
         12                           24.10
         13                           18.10
         14                           12.00
         15                            6.00
         16+                           0.00
```

TO CALCULATE THE FULL SURRENDER PENALTY FOR THE BASE POLICY, FIND
THE FACTOR FOR THE CURRENT POLICY YEAR.   MULTIPLY THIS FACTOR BY
THE NUMBER OF THOUSANDS OF FACE AMOUNT OF THE BASE POLICY.

TABLE OF DEATH BENEFIT FACTORS

| POLICY YEAR | DEATH BENEFIT FACTOR | POLICY YEAR | DEATH BENEFIT FACTOR | POLICY YEAR | DEATH BENEFIT FACTOR |
|---|---|---|---|---|---|
| 1  | 1.71 | 41 | 1.07 | | |
| 2  | 1.67 | 42 | 1.07 | | |
| 3  | 1.63 | 43 | 1.07 | | |
| 4  | 1.59 | 44 | 1.06 | | |
| 5  | 1.56 | 45 | 1.06 | | |
| 6  | 1.52 | 46 | 1.06 | | |
| 7  | 1.50 | 47 | 1.06 | | |
| 8  | 1.47 | 48 | 1.05 | | |
| 9  | 1.44 | 49 | 1.05 | | |
| 10 | 1.41 | 50 | 1.05 | | |
| 11 | 1.39 | 51 | 1.05 | | |
| 12 | 1.36 | 52 | 1.04 | | |
| 13 | 1.32 | | | | |
| 14 | 1.30 | | | | |
| 15 | 1.28 | | | | |
| 16 | 1.26 | | | | |
| 17 | 1.24 | | | | |
| 18 | 1.23 | | | | |
| 19 | 1.21 | | | | |
| 20 | 1.20 | | | | |
| 21 | 1.19 | | | | |
| 22 | 1.18 | | | | |
| 23 | 1.17 | | | | |
| 24 | 1.16 | | | | |
| 25 | 1.15 | | | | |
| 26 | 1.14 | | | | |
| 27 | 1.14 | | | | |
| 28 | 1.13 | | | | |
| 29 | 1.12 | | | | |
| 30 | 1.12 | | | | |
| 31 | 1.11 | | | | |
| 32 | 1.11 | | | | |
| 33 | 1.10 | | | | |
| 34 | 1.10 | | | | |
| 35 | 1.09 | | | | |
| 36 | 1.09 | | | | |
| 37 | 1.09 | | | | |
| 38 | 1.08 | | | | |
| 39 | 1.08 | | | | |
| 40 | 1.08 | | | | |

FOR ALL POLICY YEARS AFTER THOSE SHOWN, THE DEATH BENEFIT FACTOR IS 1.04.

END OF POLICY DATA

**DEFINITIONS**

In this policy:

**We**, **our** or **us** means Transamerica Life Insurance Company.

**You** and **your** means the Owner of this policy.

**Accumulation Value** of the policy means the sum of the Accumulation Value of the Base Policy and the Accumulation Value of each Layer as described in the Accumulation Values provision.

**Administrative Office** means Transamerica Life Insurance Company, 4333 Edgewood Road N. E., Cedar Rapids, Iowa.

**Age** means the Insured's age in years on the Policy Date, Layer Date, policy anniversary or Layer anniversary, as applicable, if the Insured's birthday is on that date. Otherwise, it means the Insured's age in years on his or her last birthday prior to the Policy Date, Layer Date, policy anniversary or Layer anniversary, as applicable.

The **Base Policy** is this policy excluding any Layers and any Riders.

The **Beneficiary** is the person you designate to receive the death benefit under this policy.

**Cash Value** means the Accumulation Value less any applicable surrender penalty.

**Free-Look Period** means the initial period of time after you first receive this policy and during which you have the right to examine and return this policy for a full refund of any premiums paid. This period is shown on page 1 of the policy.

A **Gross Premium** is 100% of any premium you pay.

**Home Office** means Transamerica Life Insurance Company, 4333 Edgewood Road, N.E., Cedar Rapids, Iowa 52499.

**Insured** means the person whose life is covered under this policy. The Insured is shown in the Policy Data.

**Lapse** means:

a) for policy years 1-5, termination of the policy at the end of the grace period due to insufficient premium or insufficient unloaned Accumulation Value; and

b) for policy years 6 and later, termination of the policy at the end of the grace period due to insufficient premium or insufficient unloaned Cash Value. If there is remaining Net Cash Value at the end of the grace period, it will be applied to the nonforfeiture option.

A **Layer** is the coverage provided by an increase in the face amount of this policy.

A **Layer Date** is the effective date of a Layer of coverage. We will use the Layer Date to determine the Layer anniversaries and Layer years.

**Marketing Office** means Transamerica Life Insurance Company, Box 512101, Los Angeles, California 90051-0101.

The **Maximum Loan Value** is the largest amount you may borrow under the loan provisions.

A **Monthly Deduction** is an amount we withdraw from the Accumulation Value of the policy (or of each Layer, respectively) at the beginning of each policy month. Monthly Deduction withdrawals will stop at the policy or Layer anniversary at age 121.

The **Net Cash Value** is the Cash Value less any existing loans.

A **Net Premium** is a Gross Premium you pay minus the administrative charges shown in the Policy Data. All Net Premium payments will become part of the Accumulation Value.

We will send any **Notice** under the provisions of this policy to your last known address and to any assignee of record.

We will use the **Policy Date** shown in the Policy Data to determine the monthly policy dates, policy anniversaries and policy years.

The **Policy Fee** is part of the Monthly Deduction. The Policy Fees are shown in the Policy Data. We may charge a lower Policy Fee than the fee shown in the Policy Data.

A **Policy Loan** is indebtedness to us for a loan secured by this policy.

**Reinstate** means to restore coverage after the policy has lapsed, subject to the requirements in the reinstatement provision.

The **Required Premium** is the minimum amount of premium you must pay on a cumulative basis each year for Base Policy or Layer during its Required Premium Period. The Base Policy and each Layer have separate Required Premium amounts. Each Required Premium is shown in the Policy Data. You may pay all or any part of this premium in advance.

The **Required Premium Period** is the total number of consecutive years that any Required Premium must be paid. This period is shown in the Policy Data. This period begins on the Policy Date for the Base Policy and on the Layer Date for a Layer.

A **Rider** is an attachment to the policy that provides an additional benefit.

**Written Request** means a signed request in a form satisfactory to us that is received at our Administrative Office.

**OWNERSHIP**

**Owner of the Policy** -- The Owner is entitled to the rights granted under this policy before the Insured's death. The Insured will be the Owner, unless someone else is named as the Owner in the application, or otherwise in accordance with this policy. Ownership of this policy may be shared by two or more persons. If one such person is an individual other than the Insured and dies before the Insured, the rights of that person belong to the executor or administrator of his or her estate unless otherwise provided in the policy. If the Owner is a partnership, the rights belong to the partnership as it exists when a right is exercised.

**Exercising Policy Rights** -- If ownership of this policy is shared by more than one person, all such persons must sign each Written Request to exercise any right under this policy.

**How to Change the Owner** -- You may change the Owner while the Insured is living by notifying us in a form and manner acceptable to us. The change will not be effective until we record it at our Administrative Office.

**Assignment of the Policy** -- We are not responsible for the adequacy of any assignment. However, if you file the assignment with us and we record it at our Administrative Office, your rights and those of any revocable Beneficiary will be subject to it.

### THE BENEFICIARY

**Who Receives the Death Benefit** -- If the Insured dies while this policy is in force, we will pay the death benefit to the Beneficiary. The Beneficiary is as designated in the application, unless changed as shown under "How to Change a Beneficiary" below. If the Beneficiary is a partnership, we will pay the death benefit to the partnership as it existed when the Insured died.

**Protection of the Death Benefit** -- To the extent permitted by law, no death benefit will be subject to the claims of the Beneficiary's creditors or to any legal process against the Beneficiary.

**If the Beneficiary Dies** -- If any Beneficiary dies before the Insured, that Beneficiary's interest in the death benefit will end. If any Beneficiary dies at the same time as the Insured, or within 30 days after the Insured, that Beneficiary's interest in the death benefit will end if no benefits have been paid to that Beneficiary. If the interest of all designated beneficiaries has ended when the Insured dies, we will pay the death benefit to you. If you are not living at that time, we will pay the death benefit to your estate.

**How to Change a Beneficiary** -- You may change the designated Beneficiary while the Insured is living by notifying us in a form and manner acceptable to us. The change will not be effective until we record it at our Administrative Office. Even if the Insured is not living when we record the change, the change will take effect as of the date it was signed. However, any benefits we pay before we record the change will not be subject to the change.

A Beneficiary designated irrevocably may not be changed without the written consent of that Beneficiary.

### PAYMENT OF THE DEATH BENEFIT

**Proof of Death** -- We will pay any benefit payable because of death when we receive due proof of the Insured's death while this policy was in force. The proof must be sent to us at our Administrative Office. We will send appropriate forms to the Beneficiary upon request. Any of our agents will help the Beneficiary fill out the forms without charge.

**Interest on Life Insurance Proceeds** -- Interest will be paid on death benefit proceeds as required by Connecticut Insurance Law C.G.S. 38a-452 (or its replacement) at the time of the death claim.

**Death Benefit** -- The amount of the death benefit may be affected by other policy provisions, such as Policy Loans, Misstatement of Age or Sex and Partial Surrenders.

The death benefit will be the greatest of:

    (a)   the sum of:

          (i)   the total face amount of the Base Policy; plus

          (ii)   the total face amount of any Layers;

or

    (b)   the death benefit factor multiplied by the policy's Accumulation Value on the date of the Insured's death;

or

    (c)   the amount required for the policy to qualify as a life insurance contract under Section 7702 of the Internal Revenue Code.

(See Accumulation Values provision for details.)

We will reduce the death benefit by any existing Policy Loans and by the portion of any grace period payment necessary to provide insurance to the date of the Insured's death.

The death benefit factors are shown in this policy's data pages.

This policy is intended to qualify under Section 7702 of the Internal Revenue Code as a life insurance contract for federal tax purposes. The death benefit under this policy is intended to qualify for the federal income tax exclusion. The provisions of this policy (including any Rider or endorsement) will be interpreted to ensure tax qualification, regardless of any language in this policy to the contrary.

To the extent that the death benefit is increased to maintain qualification as a life insurance policy, appropriate adjustments will be made in any Monthly Deductions or supplemental benefits as of that time, retroactively or otherwise, that are consistent with such an increase. Retroactive adjustments to the Monthly Deduction may be deducted from the Accumulation Value or may be made by right of setoff against any death benefits payable. Prospective adjustments will be reflected in the Monthly Deduction.

**PREMIUMS**

We will accept any amount you send us as a premium payment while this policy is in force, subject to the Premium Limitation provision and these conditions:

1. The minimum initial premium shown in the Policy Data is payable on or before the Policy Date. Subsequent premiums may be sent to our Administrative Office or you may pay them to an agent we authorize. We will give you a receipt if you ask for one. Premiums received on or before the Policy Date will only begin to earn interest as of the Policy Date.

2. You must pay the Required Premium for the Base Policy for the Required Premium Period shown in the Policy Data. These premiums may be paid cumulatively in advance. At the end of each policy year in the Required Premium Period, we will calculate the cumulative total of all Gross Premiums paid for the Base Policy less any refunds, partial surrenders and surrender penalty free withdrawals. This amount must equal or exceed the cumulative sum of the Required Premium for the Base Policy for the number of policy years completed, or your policy will enter the grace period.

   If you request an increase in the face amount of this policy, then you must also pay the Layer's Required Premium for that Layer's Required Premium Period. The Layer's Required Premium Period begins on the Layer effective date. These premiums may be paid cumulatively in advance. At the end of each Layer year in the Layer's Required Premium Period, we will calculate the cumulative total of all Gross Premiums paid for that Layer less any refunds, partial surrenders and surrender penalty free withdrawals taken from that Layer. This amount must equal or exceed the cumulative sum of the Layer's Required Premium for the number of Layer years completed. If this amount is less than the cumulative sum of the Layer's Required Premium for the number of Layer years completed, we will: (i) determine the cumulative total of all Gross Premiums paid for the Base Policy and all Layers less any refunds, partial surrenders and surrender penalty free withdrawals; and (ii) compare that total to the corresponding cumulative sum of the required premiums for the Base Policy and all Layers for the number of policy and Layer years completed. If the amount in (i) is less than the amount in (ii), then your policy will enter the grace period.

3. You may pay premiums at any time prior to the policy anniversary at Age 121. Each premium must be at least $25 and may not exceed the limits described in the Premium Limitation provision below.

If you stop paying premiums after the Required Premium Period, your coverage will continue until the Net Cash Value is insufficient to pay the Monthly Deduction due. At that time, your policy will enter the grace period. (See Grace Period provision.)

Beginning with the policy anniversary at Age 121, billing will cease and no further premium payments will be accepted.

**Premium Allocation** -- Net premiums will be allocated among the Base Policy and any Layers as follows:

1. The Net Premium will first be applied to any Required Premiums not yet paid that are due by the end of the current policy or Layer year. Amounts so applied will be allocated in proportion to such Required Premiums not yet paid for the Base Policy and each Layer.

2. Any remaining Net Premium will next be applied to any Required Premiums not yet paid for future policy and Layer years.  Amounts so applied will be allocated in proportion to the amounts required to meet future Required Premiums for the Base Policy and each Layer.

3. The remainder, if any, will be allocated in proportion to the Required Premium most recently in effect for the Base Policy and each Layer.

**Premium Limitation** -- We reserve the right to refund any unscheduled premium during a particular policy year if the total premium paid:

(a)   increases the difference between the death benefit and the Accumulation Value; and

(b)   is more than $20 per thousand of face amount and more than three times the total of the Monthly Deductions for the last year.

We also reserve the right to refund any unscheduled premiums that exceed $25,000 in any 12-month period.

We will not refund any amount if doing so would cause your policy to enter the grace period before the next anniversary.

As of the end of any policy year, if the premiums paid exceed the amount allowable if this policy is to continue to qualify as a life insurance contract under Section 7702 of the Internal Revenue Code, as such Section is in effect at the time this policy is issued, and the regulations thereunder, we will remove the excess amount of premiums paid from the policy, with interest, as of the end of that policy year.  We will refund to you this excess amount (including interest) within 60 days after the end of that policy year.

Such an excess amount could occur, for example, as a result of a partial surrender or other change in the benefits or terms of the policy, since the premium amount allowable for the policy may be reduced.

The amount refundable will not exceed the Net Cash Value of the policy.  If the entire Net Cash Value is refunded, we will treat the transaction as a full surrender of your policy.

**Continuation of Insurance** -- If you stop paying premiums, we will automatically continue your policy at the same face amount and with any additional benefits provided by Rider, subject to the grace period and any premium requirements that may be in effect.  Refer to the Premiums provision and the Monthly Deduction provision for further explanation.

**Grace Period** -- During any Required Premium Period, a grace period is a period of 61 days beginning on the earliest of the following dates:

1. a policy or Layer anniversary on which the cumulative Required Premiums as specified in the Premiums provision have not been paid; or

2. the monthly policy date in which the policy's Accumulation Value minus any existing loan is less than the total of Monthly Deductions due plus any loan interest due which is not paid in cash.

After all Required Premium Periods and prior to the policy anniversary at Age 121, a grace period is a period of 61 days beginning on the monthly policy date in which the policy's Cash Value minus any existing loan is less than the total of Monthly Deductions due plus any loan interest due which is not paid in cash.

Beginning at the policy anniversary at Age 121, a grace period is a period of 61 days beginning on a policy anniversary on which the policy's Accumulation Value minus any existing loan is less than the loan interest due not paid in cash.

If this policy enters the grace period, we will let you know by sending you a Notice. The Notice will tell you the amount you must pay to keep the policy in force. You must pay this amount before the grace period ends. If you do not pay enough, this policy will Lapse at the end of the 61 days. If there is any Net Cash Value remaining at the end of the grace period, we will apply it to the nonforfeiture option. (See Nonforfeiture Option provision.)

During the grace period, we will not charge interest on the amount due. If the Insured dies during the grace period and before you pay the amount due, we will subtract from the death benefit the amount required to provide insurance to the date the Insured died.

**Reinstatement** -- If this policy Lapses, it may be reinstated provided it was not surrendered. To Reinstate the policy, you must meet the following conditions:

1.  You must request reinstatement in writing within three years after the date of Lapse.

2.  The Insured must provide evidence of insurability satisfactory to us.

3.  If any loans existed when the policy lapsed, you must repay or reinstate them, with interest. Interest will be compounded annually from the date of Lapse. Interest will be at the loan reinstatement interest rate of 6.50% (6.1% in advance) in policy years 6-10 and 6.0% (5.66% in advance) in policy years 11 and later for a Class A loan; and 7.50% (6.98% in advance) for a Class B loan.

4.  The reinstated policy will be subject to the minimum premium requirement during the Required Premium Period. (See first paragraph under number 2 of the Premiums provision.) Any increase in the face amount of the Base Policy will also be subject to the minimum premium requirement during the Layer's Required Premium Period. (See second paragraph under number 2 of the Premiums provision.) This means that the Required Premium Period will be calculated from the original Policy Date or original Layer Date; it will not start anew.

    If the policy lapsed during any Required Premium Period and is reinstated in a different policy year, you must pay a premium large enough to meet the minimum premium requirement at the time of Reinstatement, with interest. Interest will be compounded annually at the Reinstatement Interest Rate shown in the Policy Data. If the policy lapsed after any Required Premium Period, or if it lapsed during one year of any Required Premium Period and is reinstated in the same policy year, you must pay a premium large enough to cover two Monthly Deductions due when the policy lapsed and three Monthly Deductions due when the policy is reinstated.

5.  You must repay any Net Cash Value given to you at the time of Lapse, with interest.  Interest will be compounded annually at the Reinstatement Interest Rate shown in the Policy Data.

6.  If the policy or Layer is reinstated during the surrender penalty period, any applicable surrender penalties in effect for the reinstated policy or Layers will be calculated from the original Policy Date or original Layer Date.

The effective date of a reinstatement will be the date we approve your request to Reinstate.  If a person other than the Insured is covered by any attached Rider, that person's coverage will be reinstated under the reinstatement terms of that Rider.

The Accumulation Value of the reinstated policy will be: any surrender penalty assessed at the time of Lapse; plus any Net Cash Value we paid you at the time of Lapse; plus any loan repaid or reinstated; plus the Net Premiums you pay at reinstatement; minus any Monthly Deductions due at the time of Lapse.

**GUARANTEED VALUES**

**Accumulation Values** -- The Accumulation Value of the policy (or any Layer) on the Policy Date (or Layer Date) is equal to all Net Premiums paid for the policy (or Layer).  The Accumulation Value of the policy (or any Layer) on any monthly policy date after the Policy Date (or the Layer Date) is equal to:

1.  its Accumulation Value on the last monthly policy date, plus interest on that amount;

plus 2.  all Net Premiums paid into it less any refunds since the last monthly policy date, plus interest from the date each premium is received in the Administrative Office to the monthly policy date;

minus 3.  the Monthly Deduction charged against it on the last monthly policy date, plus interest on that amount;

minus 4.  any partial surrenders and surrender penalty free withdrawals charged against it, including pro rata surrender penalties, since the last monthly policy date, plus interest on that amount from each partial surrender date and/or surrender penalty free withdrawal date to the monthly policy date.

The Accumulation Value of the policy (or any Layer) on any specified date that falls between any two monthly policy dates is equal to:

1.  the Accumulation Value on the last monthly policy date, plus accrued interest from the last monthly policy date to the specified date;

plus 2.  all Net Premiums paid into it less any refunds since the last monthly policy date, plus accrued interest from the date each premium is received in the Administrative Office to the specified date;

minus 3.  the Monthly Deduction charged against it on the last monthly policy date, plus accrued interest on that amount;

minus 4.  any partial surrenders and surrender penalty free withdrawals charged against it, including pro rata surrender penalties, since the last monthly policy date, plus accrued interest on that amount from each partial surrender date and/or surrender penalty free withdrawal date to the specified date.

A Table of Illustrative Policy Values and Benefits is included in this policy. It is based on the information you gave us when the policy was issued. The values shown may change as the declared interest rates, your premium payments, and other factors change from the illustrated data. Every year, we will send you a statement of actual policy values.

**Guaranteed Interest Rates** -- Except for premium received before the Policy Date, the Net Premium accrues interest from the date we receive it in the Administrative Office.   Interest is credited monthly on each monthly policy date.

Premiums received on or before the Policy Date will only begin to earn interest as of the Policy Date.  The guaranteed minimum interest rate for all policy years is shown in the Policy Data.

Prior to the policy anniversary at Age 121, we may declare an interest rate higher than the guaranteed minimum at any time.  We will never declare an interest rate that is lower than the guaranteed minimum interest rate.  We may change this rate at any time without notice.

Beginning at the policy anniversary at Age 121, the policy Accumulation Value will accrue interest at the guaranteed minimum interest rate.

For Class A loans, the interest rate for any portion of the Accumulation Value equal to the amount of any existing policy loan will be:
1)  In policy years 6-10, the effective annual loan interest rate less 1.0%;
2)  in policy years 11 and later, the effective annual loan interest rate less 0.5%.

For Class B loans, the interest rate for any portion of the Accumulation Value equal to the amount of any existing policy loan will be the effective annual loan interest rate less 2.0% for all policy years.

Please see "Cash Value: Policy Loans" for more information.

**Monthly Deduction Rates** -- We will determine the Monthly Deduction Rate for each policy month at the beginning of that policy month.  The Monthly Deduction Rate for the Base Policy will depend on: the face amount of the policy; the Insured's sex; the Insured's smoker or nonsmoker status; the Insured's class of risk for the Base Policy; the number of years that the policy has been in force; and the Insured's Age on the Policy Date.

A table of Guaranteed Maximum Monthly Deduction Rates for the Base Policy is shown in the Policy Data.  We may use rates lower than these Guaranteed Maximum Monthly Deduction Rates.  We will never use higher rates.

If you request an increase in the face amount of this policy, we will determine the Monthly Deduction Rate for that Layer at the beginning of each policy month.  The Monthly Deduction Rate for each Layer will depend on: the face amount of the policy; the Insured's sex; the Insured's smoker or nonsmoker status; the Insured's class of risk for the Layer; the number of years that the Layer has been in force; and the Insured's Age on the Layer Date.

A table of Guaranteed Maximum Monthly Deduction Rates for each Layer will be shown in supplemental Policy Data pages that will be issued on the Layer Date. We may use rates lower than these Guaranteed Maximum Monthly Deduction Rates. We will never use higher rates.

Any change in the Monthly Deduction Rates will be prospective and will be subject to our expectations as to future cost factors. Such cost factors may include, but are not limited to: mortality; expenses; interest; persistency; and any applicable federal, state and local taxes.

**Monthly Expense Charge Per Thousand** -- The Monthly Expense Charge Per Thousand rates for the Base Policy and each Layer are shown in the Policy Data. We will never use higher expense charge rates than those shown.

**Monthly Deduction** -- At the beginning of each policy month, we will take the Monthly Deduction for that policy month from the Accumulation Value of the policy (or of each Layer, respectively). The Monthly Deduction is equal to:

|  | (a) | the Monthly Deduction Rate, times .001, times the difference between the death benefit and the Accumulation Value of the policy (or of each Layer, respectively) at the beginning of the policy month; |

| plus | (b) | the Monthly Deduction for any Riders; |

| plus | (c) | the Policy Fee; |

| plus | (d) | the monthly expense charge per thousand rate times .001, times the face amount of the policy (or of each Layer, respectively). |

If a Layer does not have enough Accumulation Value to pay a Monthly Deduction that is due, the Monthly Deduction for that Layer will be taken from the Accumulation Value of the Base Policy.

Monthly Deductions will cease at the policy or Layer anniversary at Age 121.

**CASH VALUE**

You may borrow the Net Cash Value, or take part of it or all of it as a partial or full surrender of the policy. All of these transactions are described in this section. We guarantee that the Cash Value always equals or exceeds the amount required by the law in effect at the time of issue in the jurisdiction in which the application for this policy was signed. Policy Loans, partial surrenders and surrender penalty free withdrawals will be allocated proportionately among the Cash Values of the Base Policy and any Layer(s).

**Policy Loans** -- If you request a policy loan prior to the sixth policy year, we will handle it as a Class B loan, subject to the limitation shown in number 1 under the Class B Policy Loan provision. After the end of the surrender penalty period, we will handle one loan request per year as a Class A loan, subject to the limitation shown in number 3 under the Class A Policy Loan provision. Starting in policy year six, we will treat any loan request after the first request in any policy year as a Class B loan, subject to the limitation shown in number 1 under the Class B Policy Loan provision.

**Class A Policy Loan** -- Starting in policy year six, we will make Class A loans subject to the following conditions:

1.  Such a loan will only be allowed one time during a policy year.

2.  The maximum amount allowed as a Class A loan in any one policy year will be the lesser of 10% of the Accumulation Value as of the request date or the maximum loan amount, as described in number 3 below.

3.  The Maximum Loan Value  is the policy's Accumulation Value as of the date of the loan request, minus:

    a.  any existing Policy Loan(s); and

    b.  interest on the amount of the loan to the end of the policy year; and

    c.  the full surrender penalty or two Monthly Deductions, whichever is greater.

    We will calculate the Maximum Loan Value for the Base Policy and each Layer in a similar manner.

4.  You must pay interest on the total loan balance each year in advance. The interest is due on the policy anniversary.  The annual loan interest rate is 6.50% (6.1% in advance) for policy years 6-10 and 6.0% (5.66% in advance) in policy years 11 and later.  If the policy has sufficient Net Cash Value and you do not pay the loan interest when it is due, we will increase the loan by the amount of interest due and interest thereon.   We will charge interest on this amount at the same interest rate being charged on the loan.

5.  You must assign the policy to us to the extent of the outstanding loan.  If the Insured dies, we will deduct the outstanding loan from the death benefit before we pay the death benefit to the Beneficiary.

6.  We will allocate the net loan amount to the Accumulation Values of the Base Policy and any Layers in the same proportion that the Maximum Loan Value for each bears to the total of the Maximum Loan Values for the Base Policy and all Layers.

7.  The loan will be secured by that portion of the Accumulation Value equal to the amount of the loan.

**Class B Policy Loan** -- We will make Class B loans subject to the following conditions:

1.  The maximum amount allowed as a Class B loan is the Accumulation Value as of the date of the loan request, minus:

    a.  any existing policy loan(s); and

    b.  interest on the amount of the loan to the end of the policy year; and

    c.  the full surrender penalty or two Monthly Deductions, whichever is greater.

    We will calculate the maximum loan amount for the Base Policy and each Layer in a similar manner.

2.  You must pay interest on the total loan balance each year in advance. The interest is due on the policy anniversary. The annual loan interest rate is 7.5% (6.98% in advance). If you do not pay the loan interest when it is due, we will increase the loan by the amount of interest due and interest thereon. We will charge interest on this amount at the same interest rate being charged on the loan.

3.  You must assign the policy to us to the extent of the outstanding loan. If the Insured dies, we will deduct the outstanding loan from the death benefit before we pay the death benefit to the Beneficiary.

4.  We will allocate the net loan amount to the Accumulation Values of the Base Policy and any Layers in the same proportion that the maximum loan amount for each bears to the total of the maximum loan amounts for the Base Policy and all Layers.

5.  The loan will be secured by that portion of the Accumulation Value equal to the amount of the loan.

**Loan Repayment** -- You may repay any part of any outstanding loan at any time while the Insured is living.

If you wish to make a loan repayment, you must tell us that the payment you send us is for that purpose. Unless your payment is clearly marked as a loan repayment, we will assume it is a premium payment unless it is received after the policy anniversary at Age 121. When we receive a loan repayment, we will apply it to the portion of the Accumulation Value that secures the loan. If a payment would cause the policy to fail to qualify as a life insurance contract under Section 7702 of the Internal Revenue Code as such Section is in effect at that time, and the regulations thereunder, the portion of the payment that cannot be accepted as premium will be applied against any outstanding policy loans before a refund is made.

Loan repayments will first be applied to any outstanding Class B loans. Then, they will be applied to any outstanding Class A loans. Within the Class A and Class B loan categories, the repayments will be applied first to the loans with the most recent loan dates. For each such portion of the loan being repaid, the loan repayment is first allocated to the portion of the loan amount in the Base Policy, and then successively to any Layers in the order of their Layer Dates.

Your policy will not automatically Lapse if you do not repay a loan. However, the Net Cash Value must be large enough to cover the Monthly Deduction due and any loan interest due not paid in cash, or the policy will enter the grace period. (See Grace Period provision for details.)

If the policy loan interest due is not paid in cash by you, a new loan of the same class (A or B) will be created to cover the interest. The new loan will have the same interest rate as the loan to which it is added (Class A or B). Any loan interest paid in cash by you will apply first to Class B loans, and then to Class A loans.

**Partial Surrender** -- At any time after the Free-Look Period, you may surrender a portion of this policy's Net Cash Value by sending us a Written Request, subject to the limitations described below.  We will deduct the surrender amount and any surrender penalty from the policy's Accumulation Value.

In any policy year, the maximum amount that you may receive by partial surrender is:

        1)  the Accumulation Value;

minus  2)  any existing Policy Loans;

minus  3)  the sum of 3 Monthly Deductions;

minus  4)  the greater of $25 or the full surrender penalty.

If you request a partial surrender larger than the maximum described above, we will treat it as a request for a full surrender of the policy.

We will calculate the maximum partial surrender amount for the Base Policy and each Layer in the same manner.

We will allocate the partial surrender among the Accumulation Values of the Base Policy and any Layers based on the proportion that the maximum partial surrender amount for each bears to the total of the maximum partial surrender amounts for the Base Policy and all Layers. The amounts so allocated will be deducted from the Accumulation Value(s) of the Base Policy and Layer(s).

During the surrender penalty period for the policy or Layer(s), a pro rata surrender penalty will be assessed on any surrender amount you request that exceeds the amount eligible for surrender penalty free withdrawal as described below.  The minimum pro rata surrender penalty is $25. After all surrender penalty periods have expired, we will assess a $25 surrender penalty on any surrender amount you request that exceeds the amount available for surrender penalty free withdrawal.  The surrender penalty will be deducted from the Accumulation Value of the newest Layer.  If the Accumulation Value of that Layer is insufficient, the remainder will be deducted successively from the Accumulation Value of the next most recent Layer(s) and then from the Accumulation Value of the Base Policy as necessary until the surrender penalty has been fully deducted.

We will also reduce the total face amount of the policy by the amount of the partial surrender that exceeds the surrender penalty free withdrawal amount and by the surrender penalty.

If the new face amount would be less than our published minimum for this plan, then the partial surrender will not be allowed. If the policy has no Layers, then the Base Policy will be reduced by the amount of the partial surrender and the surrender penalty.  If the policy has at least one Layer, the face amount reduction will be attributed first to the Layer with the most recent Layer Date.  If the amount of the partial surrender and the surrender penalty exceed the face amount of that Layer, then the excess amount will be attributed successively to any other Layer(s) with the next most recent Layer Date(s), until any final excess would be attributed to the Base Policy.

For each Layer where the surrender amount attributed to reduce that Layer's face amount equals the Layer's face amount, the surrender penalty will be equal to A times B divided by C, below. For the Base Policy or Layer to which any lesser amount is attributed, the surrender penalty will be equal to A times B divided by D, below, but not more than A times B divided by C. For purposes of these calculations:

A    is the surrender amount attributed to reduce the face amount    the Base policy or Layer, as applicable;

B    is the surrender penalty factor for the current policy or Layer year, as applicable;

C    is 1000; and

D    is 1000 minus the surrender penalty factor for the current policy or Layer year, as applicable.

The surrender penalty period and the corresponding surrender penalties are shown in the Policy Data.

During any Required Premium Period, the sum of all surrender penalty free withdrawals and partial surrenders may not exceed the sum of all Gross Premiums paid, less the sum of all refunds and the sum of all Required Premiums since the Policy Date. (See number 2 of the Premiums provision.)

**Surrender Penalty Free Withdrawal** -- At any time after the first policy year, you may make a withdrawal without incurring a pro rata surrender penalty. Such a withdrawal is subject to the limits outlined below. The minimum amount of a surrender penalty free withdrawal is $100.

When you request a partial surrender in the second or later policy year, we will calculate the amount eligible for withdrawal without penalty. This amount will be the lesser of:

(a)    10% of the policy's Accumulation Value as of the last monthly policy date, minus the sum of all surrender penalty free withdrawals since the last policy anniversary; or

(b)    the maximum amount available as a partial surrender described in the Partial Surrender provision.

During any Required Premium Period, the sum of all surrender penalty free withdrawals and partial surrenders may not exceed the sum of all Gross Premiums Paid less the sum of all refunds and the sum of all Required Premiums since the Policy Date. (See number 2 of the Premiums provision.)

Whenever you request a partial surrender after the first policy year, we will process the amount that is eligible as a surrender penalty free withdrawal. The remainder of any amount you request will be processed as a partial surrender.

We will deduct the full partial surrender amount you request from the policy's Accumulation Value. We will not deduct that portion of your request that we treat as a surrender penalty free withdrawal from the policy's face amount.

**OPTION TO CHANGE
THE FACE AMOUNT**

**Decreasing the Face Amount** -- You may request a decrease in the face amount of this policy if all the following conditions are met:

1.  You must make a Written Request to us.
2.  At the request date, this policy must be in force and the Insured must be living.
3.  The amount of the reduction in face amount must be at least $25,000.
4.  The new face amount may not be less than our published minimum face amount for this plan.

The decrease of the face amount of this policy may cause a change in the Monthly Deduction rates and monthly expense charge per thousand rates.

A surrender penalty will result from the decrease in the face amount if the decrease is made during the surrender penalty period of the Base Policy or any Layer. The surrender penalty for the Base Policy or a Layer is equal to E times F divided by G, where:

E   is the full surrender penalty for the current policy or Layer year;
F   is the amount of the decrease in the face amount of the Base Policy or Layer; and
G   is the face amount of the Base Policy or Layer before the decrease.

If you request an increase in the face amount of this policy, and then at a later time you request a decrease in the face amount of this policy, we will apply the decrease in the following order. We will first apply the decrease to the newest Layer. We will then successively apply the decrease in reverse order to any previous increases; we will begin with the next most recent Layer. If the amount of the decrease is greater than the total of all previous increases, we will then apply the remaining decrease to a portion of the original face amount of this policy.

We will issue new Policy Data pages showing the new face amount(s). After the decrease, the Monthly Deduction rates, monthly expense charge per thousand rates, and any future surrender penalties will be based on the new total face amount of this policy.

If the face amount of this policy is decreased during any Required Premium Period, we will recalculate the Required Premium for the remainder of the Required Premium Period based on the new face amount.

**Increasing the Face Amount** -- You may request an increase in the face amount of this policy. The following conditions will apply:

1.  You must make a Written Request to us.
2.  At the request date, this policy must be in force and the Insured must be living.
3.  At the request date, the Insured must not have reached his or her 90th birthday.
4.  The amount of the increase in face amount must be at least $25,000.
5.  You must submit evidence satisfactory to us that the Insured is still insurable.
6.  The amount of the increase will be contestable and subject to the suicide limitation for two years after the effective date of the increase.
7.  If the Base Policy has a waiver provision in force on the Layer Date, a waiver provision must be issued on the Layer as well.

The new coverage will be issued as a separate Layer on this policy. The Layer will have a Required Premium beginning on the Layer Date. It will also have its own surrender penalty period beginning on the Layer Date. The Monthly Deductions and values for that Layer will be based on: the face amount of the Layer; the Insured's sex; the Insured's smoker or nonsmoker status as of the Layer Date; the Insured's class of risk as of the Layer Date; and the Insured's Age on the Layer Date.

We will issue new Policy Data pages showing the new face amount. After the increase, the Monthly Deduction rates and monthly expense charge per thousand for the increase Layer will be based on the new total face amount of this policy. Any future surrender penalties for that Layer will be based on the face amount of that Layer.

**NONFORFEITURE OPTION**

You may surrender this policy and all Layers for the Net Cash Value.

There are tables of surrender penalties for the Base Policy and any Layers shown in the Policy Data. We will use the factors in the table to determine the surrender penalty we will apply. To calculate the full surrender penalty for the Base Policy, find the factor for the current policy year. Multiply this factor by the number of thousands of face amount of the Base Policy. This is the full surrender penalty for the Base Policy. There is no surrender penalty for the Base Policy after the end of the surrender penalty period for the base policy. The surrender penalty period is shown on the Table of Surrender Penalties in the Policy Data.

If you request an increase in the face amount of this policy, the new Layer will have its own separate surrender penalty period. To calculate the full surrender penalty for that Layer, find the factor for the current Layer year. Multiply this factor by the number of thousands of face amount of that Layer. This is the full surrender penalty for that Layer. There is no surrender penalty for that Layer after the end of the surrender penalty period for that Layer.

If you request a full surrender within 30 days of a policy anniversary, the surrender value will not be less than the surrender value on that anniversary, less any loans, partial surrenders (including pro rata surrender penalties), and surrender penalty free withdrawals made after the last policy anniversary.

**ALTERNATIVE PAID-UP LIFE INSURANCE OPTION**

You may purchase alternative paid-up life insurance. You may exercise this option on or after the fifth policy anniversary, but before the policy anniversary at Age 121.

You must surrender the Base Policy and all Layers when you elect to purchase alternative paid-up life insurance.

This option is no longer in force when the first of these events occurs: (1) the Insured dies; (2) you surrender this policy for its Net Cash Value; (3) you exercise this option; or (4) this policy is terminated.

When you send a Written Request to us, we will exchange this policy for alternative paid-up life insurance policy(ies). The face amount will be the amount that the policy's Net Cash Value will purchase at the current net single premium rate in effect when you choose the option.

The current rates will vary by: the Insured's attained age when you exercise the option; the Insured's sex; the Insured's smoker or nonsmoker status(es) on this policy and any Layers; and the Insured's classes of risk on this policy and any Layers as recorded at the time you exercise this option.

You may purchase alternative paid-up life Insurance if you meet these conditions:

1. You must send a Written Request and the policy to us. We must receive the request within 60 days of the date you signed it and while this policy is still in force. You will surrender all rights under this policy in exchange for the alternative paid-up life insurance.

2. This policy must have Net Cash Value above any existing loan and surrender penalty when you request the option.

3. You must agree to accept a new policy loan interest rate provision. The new rate may be a variable one.

4. You must agree that all Riders attached to this policy will terminate. We will add the Cash Value, if any, of the Riders attached to this policy to the policy's Cash Value. We will use the total amount to determine the amount of alternative paid-up life insurance you may purchase.

5. The Insured must not have reached his or her 121st birthday.

**Evidence of Insurability** -- When you request this option, we may require evidence of insurability. To determine whether evidence of insurability is required, we must perform a calculation. If you have one or more Layers of coverage in addition to the base coverage, you may have more than one amount of alternative paid-up life insurance.

$H$ = the amount of alternative paid-up life insurance.
$J$ = the Net Cash Value used to purchase the alternative paid-up life insurance.
$K$ = the sum of the death benefits payable under this Base Policy and any Layers on the date you choose this option.
$L$ = the sum of the Accumulation Values under this Base Policy and any Layers on the date you choose this option.

If ($H$ minus $J$) is greater than ($K$ minus $L$), then the Insured must provide evidence of insurability satisfactory to us. In all other situations, evidence of insurability is not required.

If the Insured does not provide evidence, satisfactory to us, that the Insured is still insurable, we will reduce the amount of alternative paid-up life insurance accordingly. If there is any Net Cash Value left over after you purchase alternative paid-up life insurance, we will refund it to you.

**Alternative Paid-Up Life Insurance Policy** -- We will issue and date the alternative paid-up life insurance policy as of the date you exercise this option. If your request occurs within 30 days after a policy anniversary, the surrender value of the alternative paid-up life insurance will not be less than the surrender value on that anniversary, less any loans, partial surrenders (including pro rata surrender penalties), and surrender penalty free withdrawals made after the last policy anniversary.

We will include in each alternative paid-up life insurance policy a table of cash values for that policy and a description of the basis we use to calculate those values. The cash values will not be less than the minimum values required by the jurisdiction in which the application for the policy is signed. There will be a new policy loan interest rate provision in the alternative paid-up life insurance policy.

**PAYMENT OF CASH VALUE AND LOANS**

We may delay paying you the partial or full surrender values of this policy for up to 6 months after we receive your Written Request for the surrender. We may delay making a loan to you for up to 6 months after we receive your Written Request for the loan. We will not delay any loan made to pay premiums due us on any policy.

**POLICY STATEMENTS AND ILLUSTRATIONS**

We will send you a statement at least once a year without charge showing: the face amount; and any Accumulation Value; Cash Value; loans; partial surrenders; surrender penalty free withdrawals; premiums paid; and charges as of the statement date. Upon Written Request at any time, we will send you an illustration of your policy's benefits and values. There will be no charge for the first such illustration in each policy year. We reserve the right to charge a reasonable fee for any illustration after the first in any policy year.

**BASIS OF COMPUTATION**

The guaranteed Cash Values of the policy are not less than the minimum values required by the jurisdiction in which the application for this policy was signed. The guaranteed Cash Values are equal to the Accumulation Value based on the guaranteed Monthly Deductions and the guaranteed minimum interest rate shown in the Policy Data, less any surrender penalty.

Calculation of minimum cash values and nonforfeiture benefits are based on the 2001 Commissioners Standard Ordinary Smoker or Nonsmoker Ultimate Mortality Tables for males or females, age last birthday. Deaths are assumed to occur at the end of the policy year.

As required, we have filed the method we used to compute minimum Cash Values and nonforfeiture benefits with the supervisory official of the jurisdiction in which the application for this policy was signed.

**GENERAL PROVISIONS**

**Incontestability of the Policy** -- Except for nonpayment of premiums, this policy will be incontestable after it has been in force during the Insured's lifetime for two years from the date of issue.

If you request an increase in the face amount of this policy, this incontestability provision will start anew with respect to the increase, beginning on the Layer Date. The new incontestability period will be applicable only to the face amount of that Layer.

**Amount We Pay is Limited in the Event of Suicide** -- If the Insured dies by suicide, while sane or insane, within two years from the date of issue, we will be liable only for the amount of premiums paid, less any partial surrenders, surrender penalty free withdrawals, loans and loan interest due.

If you request an increase in the face amount of this policy, this suicide provision will start anew with respect to the increase, beginning on the Layer Date. The new suicide period will be applicable only to the face amount of that Layer.

**Misstatement of Age or Sex in the Application** -- If there is a misstatement of the Insured's age or sex in the application, we will adjust the excess of the death benefit over the Accumulation Value to that which would be purchased by the most recent Monthly Deduction at the correct age or sex. There will be no adjustment beyond the Insured's 120th birthday.

**The Policy is our Contract with You** -- We have issued this policy in consideration of the application and your initial premium payment. A copy of the application is attached and is part of this policy. The policy, including the application and any endorsements and Riders, forms our contract with you. All statements made by or for the Insured will be considered representations and not warranties. We will not use any statement made by or for the Insured to deny a claim unless the statement is in the application and the application is attached to this policy when we issue, deliver or Reinstate the policy or Layer.

**Who Can Make Changes in the Policy** -- Only our President or a Vice President together with our Secretary have the authority to make any change in this policy. Any change must be in writing.

**Termination of Insurance** -- This policy will terminate at the earliest of:

1.   the date of your Written Request to surrender or terminate; or

2.   the date of Lapse.

**No Dividends are Payable** -- This is nonparticipating insurance. It does not participate in our profits or surplus. We do not distribute past surplus or recover past losses by changing the Monthly Deduction rates.

**SETTLEMENT PROVISIONS**

When the Insured dies while the policy is in force, we will pay the death benefit in a lump sum unless you or the Beneficiary choose a settlement option. You may choose a settlement option while the Insured is living. The Beneficiary may choose a settlement option after the Insured has died. The Beneficiary's right to choose will be subject to any settlement agreement in effect at the Insured's death.

You may also choose one of these options as a method of receiving the surrender proceeds, if any are available under this policy.

When we receive a satisfactory Written Request, we will pay the benefit according to one of these options:

**Option A: Installments for a Guaranteed Period** -- We will pay equal installments for a guaranteed period of from one to thirty years.  Each installment will consist of part benefit and part interest.  We will pay the installments monthly, quarterly, semi-annually or annually, as requested.

**Option B: Installments for Life with a Guaranteed Period** -- We will pay equal monthly installments as long as the payee is living, but we will not make payments for less than the guaranteed period the payee chooses.  The guaranteed period may be either 10 years or 20 years.  We will pay the installments monthly.  See Table B on the last page.

**Option C: Benefit Deposited with Interest** -- We will hold the benefit on deposit.  It will earn interest at the annual interest rate we are paying as of the date of death or surrender. We will pay the earned interest monthly, quarterly, semi-annually or annually, as requested.  The payee may withdraw part or all of the benefit and earned interest at any time.

**Option D:  Installments of a Selected Amount** -- We will pay installments of a selected amount until we have paid the entire benefit and accumulated interest.

**Option E: Annuity** -- We will use the benefit as a single premium to buy an annuity.  The annuity may be payable to one or two payees. It may be payable for life with or without a guaranteed period, as requested. The annuity payment will not be less than what our then current annuity contracts are then paying.

The payee may arrange any other method of settlement as long as we agree to it.  The payee must be an individual receiving payment in his or her own right. There must be at least $10,000 available for any option and the amount of each installment to each payee must be at least $100.  If the benefit amount is not enough to meet these requirements, we will pay the benefit in a lump sum.

We will pay the first installment under any option on the date of death or surrender, whichever applies.   Any unpaid balance we hold under Options A, B or D will earn interest at the rate we are paying at the time of settlement. Any benefit we hold will be combined with our general assets.

If the payee does not live to receive all guaranteed payments under Options A, B, D or E or any amount deposited under Option C, plus any accumulated interest, we will pay the remaining benefit as scheduled to the payee's estate.  The payee may name and change a successor payee for any amount we would otherwise pay the payee's estate.

## TABLE B
### Monthly Installment for Each $1,000 Payable under Option B

**Male Payee**

| Age | Guaranteed Period 10 Yrs. | 20 Yrs. | Age | Guaranteed Period 10 Yrs. | 20 Yrs. | Age | Guaranteed Period 10 Yrs. | 20 Yrs. | Age | Guaranteed Period 10 Yrs. | 20 Yrs. | Age | Guaranteed Period 10 Yrs. | 20 Yrs. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | $2.90 | $2.89 | 26 | $3.20 | $3.19 | 41 | $3.77 | $3.71 | 56 | $4.92 | $4.59 | 71 | $7.27 | $5.42 |
| 12 | 2.91 | 2.91 | 27 | 3.22 | 3.21 | 42 | 3.82 | 3.76 | 57 | 5.03 | 4.66 | 72 | 7.48 | 5.45 |
| 13 | 2.93 | 2.92 | 28 | 3.25 | 3.24 | 43 | 3.88 | 3.81 | 58 | 5.15 | 4.73 | 73 | 7.68 | 5.46 |
| 14 | 2.94 | 2.94 | 29 | 3.28 | 3.27 | 44 | 3.94 | 3.86 | 59 | 5.27 | 4.80 | 74 | 7.88 | 5.48 |
| 15 | 2.96 | 2.96 | 30 | 3.31 | 3.30 | 45 | 4.00 | 3.91 | 60 | 5.40 | 4.87 | 75 | 8.08 | 5.49 |
| 16 | 2.98 | 2.97 | 31 | 3.34 | 3.33 | 46 | 4.07 | 3.97 | 61 | 5.53 | 4.94 | 76 | 8.27 | 5.50 |
| 17 | 3.00 | 2.99 | 32 | 3.38 | 3.36 | 47 | 4.14 | 4.02 | 62 | 5.68 | 5.00 | 77 | 8.46 | 5.50 |
| 18 | 3.01 | 3.01 | 33 | 3.41 | 3.39 | 48 | 4.21 | 4.08 | 63 | 5.83 | 5.07 | 78 | 8.63 | 5.51 |
| 19 | 3.03 | 3.03 | 34 | 3.45 | 3.43 | 49 | 4.28 | 4.14 | 64 | 5.98 | 5.13 | 79 | 8.79 | 5.51 |
| 20 | 3.05 | 3.05 | 35 | 3.49 | 3.46 | 50 | 4.36 | 4.20 | 65 | 6.15 | 5.18 | 80 | 8.94 | 5.51 |
| 21 | 3.08 | 3.07 | 36 | 3.53 | 3.50 | 51 | 4.44 | 4.26 | 66 | 6.32 | 5.24 | 81 | 9.07 | 5.51 |
| 22 | 3.10 | 3.09 | 37 | 3.57 | 3.54 | 52 | 4.53 | 4.32 | 67 | 6.50 | 5.28 | 82 | 9.18 | 5.51 |
| 23 | 3.12 | 3.11 | 38 | 3.62 | 3.58 | 53 | 4.62 | 4.39 | 68 | 6.68 | 5.33 | 83 | 9.28 | 5.51 |
| 24 | 3.14 | 3.14 | 39 | 3.67 | 3.62 | 54 | 4.71 | 4.46 | 69 | 6.88 | 5.36 | 84 | 9.36 | 5.51 |
| 25 | 3.17 | 3.16 | 40 | 3.72 | 3.67 | 55 | 4.81 | 4.52 | 70 | 7.07 | 5.40 | 85 | 9.42 | 5.51 |

**Female Payee**

| Age | Guaranteed Period 10 Yrs. | 20 Yrs. | Age | Guaranteed Period 10 Yrs. | 20 Yrs. | Age | Guaranteed Period 10 Yrs. | 20 Yrs. | Age | Guaranteed Period 10 Yrs. | 20 Yrs. | Age | Guaranteed Period 10 Yrs. | 20 Yrs. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | $2.83 | $2.83 | 26 | $3.08 | $3.07 | 41 | $3.54 | $3.52 | 56 | $4.51 | $4.35 | 71 | $6.73 | $5.36 |
| 12 | 2.84 | 2.84 | 27 | 3.10 | 3.10 | 42 | 3.59 | 3.56 | 57 | 4.61 | 4.42 | 72 | 6.94 | 5.40 |
| 13 | 2.86 | 2.85 | 28 | 3.12 | 3.12 | 43 | 3.63 | 3.60 | 58 | 4.71 | 4.50 | 73 | 7.16 | 5.43 |
| 14 | 2.87 | 2.87 | 29 | 3.15 | 3.14 | 44 | 3.68 | 3.65 | 59 | 4.82 | 4.57 | 74 | 7.38 | 5.48 |
| 15 | 2.88 | 2.88 | 30 | 3.17 | 3.17 | 45 | 3.73 | 3.69 | 60 | 4.94 | 4.65 | 75 | 7.60 | 5.47 |
| 16 | 2.90 | 2.90 | 31 | 3.20 | 3.19 | 46 | 3.78 | 3.74 | 61 | 5.06 | 4.72 | 76 | 7.82 | 5.48 |
| 17 | 2.91 | 2.91 | 32 | 3.23 | 3.22 | 47 | 3.84 | 3.79 | 62 | 5.19 | 4.80 | 77 | 8.04 | 5.49 |
| 18 | 2.93 | 2.93 | 33 | 3.26 | 3.25 | 48 | 3.90 | 3.85 | 63 | 5.33 | 4.88 | 78 | 8.25 | 5.50 |
| 19 | 2.95 | 2.94 | 34 | 3.29 | 3.28 | 49 | 3.96 | 3.90 | 64 | 5.47 | 4.95 | 79 | 8.45 | 5.51 |
| 20 | 2.96 | 2.96 | 35 | 3.32 | 3.31 | 50 | 4.03 | 3.96 | 65 | 5.63 | 5.02 | 80 | 8.64 | 5.51 |
| 21 | 2.98 | 2.98 | 36 | 3.35 | 3.34 | 51 | 4.10 | 4.02 | 66 | 5.79 | 5.09 | 81 | 8.82 | 5.51 |
| 22 | 3.00 | 2.99 | 37 | 3.39 | 3.37 | 52 | 4.17 | 4.08 | 67 | 5.96 | 5.15 | 82 | 8.97 | 5.51 |
| 23 | 3.02 | 3.01 | 38 | 3.42 | 3.41 | 52 | 4.25 | 4.14 | 68 | 6.14 | 5.21 | 83 | 9.11 | 5.51 |
| 24 | 3.04 | 3.03 | 39 | 3.46 | 3.44 | 54 | 4.33 | 4.21 | 69 | 6.33 | 5.27 | 84 | 9.23 | 5.51 |
| 25 | 3.06 | 3.05 | 40 | 3.50 | 3.48 | 55 | 4.42 | 4.28 | 70 | 6.53 | 5.32 | 85 | 9.32 | 5.51 |

Ages younger than 11 are the same as shown for age 11, and ages older than 85 are the same as shown for age 85.

## ACCELERATED DEATH BENEFIT OPTION ENDORSEMENT

Transamerica Life Insurance Company has issued this endorsement as a part of policy number 60162687 ("the policy"). Benefits as specified under the policy to which this endorsement is attached will be reduced upon receipt of an accelerated benefit. The policy and the endorsement are not a long-term care policy as defined in Section 38A-501 and 38A-528 of the Connecticut General Statutes.

**NOTICE: Benefits advanced under this option may be taxable. As with all tax matters, the Owner should consult a personal tax advisor to assess the impact of this benefit on the Owner and the policy.**

While the policy is in force, we will pay an Accelerated Death Benefit to you, upon your request, subject to all the provisions and limitations of this endorsement.

### DEFINITIONS

In this endorsement:

**Accelerated Death Benefit** is the amount we pay under this option.

**Administrative Fee** is the $250.00 that will be charged at the time each Accelerated Death Benefit is paid.

**Effective Date** is the date we approve your written request to exercise this option.

**Immediate Family Members** are members of either the Insured's or Owner's family who may be described as follows: spouse (includes common law spouse), children, stepchildren, parents, grandparents, grandchildren, brothers and sisters and their spouses (includes common law spouse).

**Insured** means only the Insured covered under the policy and not any other individuals covered for additional riders or benefits.

**Physician** is an individual, other than the Insured, the Owner, or Immediate Family Member, who is a doctor of medicine or osteopathy, licensed in the jurisdiction in which the advice is given or diagnosis is made and who is acting within the scope of that license.

**Policy Basic Death Benefit** means the death benefit provided by the policy, any policy layer, any Supplemental Adjustable Life Insurance Rider and any level term rider on the life of the Insured. It does not include any death benefit provided by any other riders or benefits attached to the policy.

**Policy Charges** means any monthly deductions, any surrender charges or surrender penalties, or any other charges specified in the policy.

**Terminal Illness** is a medical condition, resulting from bodily injury or disease, or both, and:

-- which has been diagnosed by a Physician after the issue date of the policy; and,

-- for which the diagnosis is supported by clinical, radiological, laboratory or other evidence of the medical condition which is satisfactory to us; and,

-- which is not curable by any means available to the medical profession; and,

-- which a Physician certifies is expected to result in death within 12 months of diagnosis and the certification is within 30 days of the Accelerated Death Benefit request.

**"You" and "Your"** mean the Owner

### LIMITATIONS

1. The availability of this option is subject to all the terms of the policy, including contestability.

2. No benefit will be paid if Terminal Illness results from intentionally self-inflicted injury(ies) at any time.

3. At each request to exercise this option, there must be at least 2 years remaining from the Effective Date to the expiry or maturity date of each portion of the Policy Basic Death Benefit.

4. The Owner may not exercise this option until there is only one surviving Joint Insured if the policy is a Joint and Last Survivor policy.

5. This option is not available if the maximum Accelerated Death Benefit has been paid.

6. The face amount of the policy on which this option is exercised must be at least $50,000 at the time of the first written request.

## AMOUNT OF THE ACCELERATED DEATH BENEFIT

1. The Owner can request an Accelerated Death Benefit payment in any amount subject to the following minimum and maximum. The minimum Accelerated Death Benefit allowed will be $10,000. The maximum Accelerated Death Benefit allowed for all policies combined covering the Insured issued by the Company will be the lesser of $250,000 or 75% of the combined Policy Basic Death Benefit for those policies as of the first Accelerated Death Benefit payment. If the first Accelerated Death Benefit payment is less than the maximum, then no more than the remaining balance of the maximum can be paid out later as an Accelerated Death Benefit.

2. If there is an outstanding loan on the policy, the Accelerated Death Benefit payment may be reduced to repay a prorata portion of the policy loan.

3. At the time we pay the Accelerated Death Benefit, if the policy is in the grace period, we will deduct any unpaid premium in accordance with the grace period provision in the policy.

4. The $250.00 Administrative Fee will be deducted from each Accelerated Death Benefit payment.

## PREMIUM

Premium billing and premium payment requirements will continue, subject to the adjustments described below.

## EFFECT OF THE ACCELERATED DEATH BENEFIT PAYMENT ON THE POLICY

After an Accelerated Death Benefit is paid, the policy and any riders and benefits will remain in force subject to the following adjustments:

1. The Policy Basic Death Benefit after payment of an Accelerated Death Benefit will equal the amount of the Policy Basic Death Benefit before the payment of the Accelerated Death Benefit minus the result of multiplying (a) by (b), where:

   (a) is the Accelerated Death Benefit; and

   (b) is 1 (one) plus an interest rate that is the greater of,

      (i) the federal interest rate under Internal Revenue Code (IRC) section 846(c)(2), or

      (ii) the policy loan effective interest rate.

2. The Policy Basic Death Benefit, and, if applicable, the policy's face amount, accumulation value, cash value, policy loan, and required premium will be adjusted as of the Effective Date. The adjustments to the Policy Basic Death Benefit will be made in the following order: (1) level term rider(s) on the Insured, if any, beginning with the most recent rider; (2) policy layer(s), if any, beginning with the most recent layer; and, (3) remaining portions of the Policy Basic Death Benefit. New Policy Charges and premiums will be based on the rates in effect for the policy's resulting face amount.

3. We will provide new policy data pages showing the reduced coverage amount resulting from the Accelerated Death Benefit payment.

## EXERCISING THE OPTION

We must receive a written request to exercise this option at the Home Office or our designated Administrative Office within 30 days after the certification of diagnosis of the Terminal Illness, or as soon as reasonably possible. The request should include the name of the Insured, the policy number and, must be signed and dated by the Owner. If the policy has an irrevocable beneficiary, that person(s) must also sign the request. If the policy is assigned, we must receive a completed and signed release of assignment. If the policy was issued in a community property state, we may require your spouse to sign the request.

## PROOF OF TERMINAL ILLNESS

We must receive written proof of the Insured's Terminal Illness before we make an Accelerated Death Benefit payment. This proof will consist of a Physician's certification acceptable to us. We may request additional medical information from the Physician submitting the certification or any Physician we consider qualified.

## PHYSICAL EXAMINATION

While a claim is pending, we reserve the right to obtain a second medical opinion and to have the Insured examined at our expense.

## TIME OF PAYMENT OF CLAIMS

After we receive satisfactory written proof of Terminal Illness, we will pay the Accelerated Death Benefit due.

## PAYMENT OF CLAIMS

If approved, the Accelerated Death Benefit will be paid in a lump sum to the Owner. To the extent permitted by law, no proceeds payable upon the exercise of this option will be subject to the claims of the Owner's creditors or to any legal process against the Owner. If the Insured dies before payment is made, we will pay the entire death benefit of the policy to the Beneficiary in accordance with the policy provisions.

## LEGAL ACTIONS

No legal action may be brought to recover the payment requested under this option within 60 days after written proof of Terminal Illness has

been given to us. No such action may be brought after 3 years from the time written proof of the Insured's Terminal Illness has been given to us.

## TAX QUALIFICATION

Any amount payable under this option is intended to qualify for federal income tax exclusion (to the maximum extent possible). To that end, the provisions of this endorsement and the policy to which it is attached are to be interpreted to ensure or maintain such tax qualification, notwithstanding any other provisions to the contrary. The Company reserves the right to amend this endorsement and the policy to which it is attached to reflect any clarifications that may be needed or are appropriate to maintain such qualification, or to conform this endorsement and the policy to which it is attached to any applicable changes in the tax qualification requirements. You will be sent a copy of any such amendment.

Signed for the Company at Los Angeles, California, on the date of issue of the policy unless a different date is shown here.

Craig D. Veron

Secretary

Brenda Clancy

President

1-005 84-995

## AUTOMATIC PREMIUM LOAN ENDORSEMENT
### (for policies containing a Required Annual Premium)

Transamerica Life Insurance Company has issued this endorsement as a part of the policy to which it is attached.

When the Automatic Premium Loan provision is made effective by the owner in the application at the time of issue, any portion of the required annual premium which remains unpaid at the end of a grace period will be paid by automatic premium loan. These rules will apply:

(1) We will process an automatic premium loan if there is enough net cash value to pay both the required annual premium due and interest due on the automatic premium loan. If there is not enough net cash value to pay both the required annual premium due and the interest on the automatic premium loan, we will not make an automatic premium loan. The policy will then lapse subject to the nonforfeiture provision.

(2) The Automatic Premium Loan will also be subject to all sections of this policy that pertain to policy loans.

(3) If the Automatic Premium Loan provision is made ineffective by the owner in the application at the time of issue, this provision may be requested by the owner. The request must be in the form of a written notice filed at our Home Office. This provision may also be cancelled by written notice by the owner filed in our Home Office.

The Automatic Premium Loan Provision will terminate at the end of the required annual premium period.

Signed for the Company at Los Angeles, California, on the date of issue of the policy.

Craig D. Vernon

Secretary

Brenda Clasey

President

1-002 65-187

**TRANSAMERICA**
LIFE INSURANCE COMPANY

Transamerica Life Insurance Company
Home Office: 4333 Edgewood Road NE
Cedar Rapids, IA 52499

GA # _10199_

**Change of Plan Option/
Conversion Application**

---

Insured: _BARRY Siegal_                           Owner: _____

Insured's Address: _251 King Philip Dr._          Owner's Address: _____
_West Hartford, CT 06117_

Social Security No.: ███ ██ 4482                  TIN or Soc. Sec. No.: _____

Birthdate: ██ ██ 43    Sex: ☒ Male ☐ Female   E-mail: (Not for Policy/Billing Notices) _____

I WISH TO EXCHANGE MY CURRENT POLICY, NUMBER _42/D11D2_____, FOR THE FOLLOWING POLICY:

1. Plan Name: _TransUltra SP 2006_    Kind Code: _2550_

2. Face Amount: _1,500,000_           New Policy Date: _2/4/13_

3. ☐ Nicotine ☐ Non-Nicotine  *(Complete a Nicotine Questionnaire if applicable.)*

4. If the Automatic Premium Loan (APL) provision is available, do you want the provision to be in effect? ☐ Yes ☐ No  (APL will be in effect unless no is checked.)

5. Riders to be included:
   ☐ All riders currently allowed under present policy and available for continuance under new plan of insurance.
   ☐ Only the following riders: (Specify) _____
   ☐ Do not carry over any riders or options to the new policy.

6. Complete for Flexible Premium Plans:
   Required Premium Per Year (RAP) $ _47,264_
   Planned Periodic Premium        $ _11,816_
   Plus Initial Lump Sum          + $ _0_
   Equals Total Initial Payment   = $ _____

7. Mode of Premium Payment:  ☐ A  ☐ S  ☒ Q  ☐ M
   NOTE: Any premium refund on your current policy will be credited towards the premium due on your new policy.

8. Billing Type:  ☐ Direct Collection (Not Available for Monthly)
                  ☐ Pre-Authorized Withdrawal (Quarterly or Monthly only)

9. Unless designated otherwise, any new plan shall have the same beneficiary as the present policy. If a different beneficiary designation is desired, complete the following. *(State the full name of the new beneficiary and the beneficiary's relationship to the insured. If more than one beneficiary is designated, then proceeds will be payable equally to the survivors unless otherwise indicated.)*

_____
_____
_____

10. Additional Instructions: _____
_____

The notice and consent provisions of IRC sec. 101(j) may apply. These must be met prior to policy issue for death benefits under policies owned by employers and certain related parties to be tax-free. Consult your tax advisor.

Signed at _West Hartford, CT_    on    _02.20.13_

x _Barry L. Siegal_                              _Paul Growick_
   Signature of Insured                           Signature of Witness

_____                                 _____
   Signature of Owner                             Address of Witness

PRODUCER: _Growick_ | _Philip_       PRODUCER ID#: _394596_   SHARE %: _100_
           LAST       FIRST                         UP TO 10 DIGITS

PRODUCER: _____ | _____          PRODUCER ID#: _____    SHARE %: _____
           LAST      FIRST                          UP TO 10 DIGITS

CASE MANAGER: _Nancy McGrath_        E-MAIL: _nmcgrath@dalybrokerage.com_

TOS370M1008T                         APPLICATION (CHANGE)



Transamerica Life Insurance Company
Home Office: Cedar Rapids, IA

**APPLICATION AMENDMENT**

Life Insured:    **Barry Siegal**

The Application for Policy No.    ████2687    is amended as follows:

Application Part I Question 8 – Premium Payment Mode: Quarterly Direct Collect
Application Part I Question 6:
Required Annual Premium: $31,750.00

I/We declare that I/we have, in an identical manner, completed and signed the copy of this amendment that is attached to and made part of the Policy/Certificate issued by the Company.

It is agreed that this amendment shall be part of the application for the policy.

Signed at _____ on _____
                                                                                                                                          Date

_____                    _____
  Signature of Proposed Insured                                    Signature of Owner
                                                                              (Officer signature other than Proposed Insured,
                                                                                          if owner is a corporation)

_____                    _____
  Signature of Other Proposed Insured                          Witness (can be Licensed Producer)

                                                                      _____
                                                                          Signature of Licensed Producer

APE 1-1008

Transamerica Life
Insurance Company
Home Office: Cedar Rapids, IA  52499
Marketing Office: Los Angeles, CA  90051
Administrative Office: 4333 Edgewood Road N.E.
Cedar Rapids, IA 52499

Policy Form  **TU SP**
Individual Life Insurance

**Adjustable Life Insurance**
**Minimum Premium Requirement**
**Shown in the Policy Data**
**Flexible Premiums Payable Thereafter**
**During Life of Insured Prior to Age 121**
**Subject to the Limitations Described**
**in the Premiums Provision**

**Death Benefit Payable at Death of Insured**

**Nonparticipating -- No Annual Dividends**

1-11408106