**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**TUYO HOLDINGS, LLC,**

***Plaintiff,***

**v.** **Case No. SA-22-CV-00845-JKP**

**TRANSAMERICA LIFE INSURANCE COMPANY,**

***Defendant.***

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Transamerica Life Insurance Company's ("Transamerica") Partial Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *ECF No. 10*. Upon consideration of the Motion and responsive filings, the Court concludes the Partial Motion to Dismiss shall be GRANTED.

**Factual Background**

This case arises from Transamerica's termination of a universal life insurance policy insuring the life of Barry Siegal ("the Policy"). In its First Amended Complaint, TuYo Holdings, LLC, (TuYo), alleges in 2013, Mr. Siegal sold all rights to the Policy to a third-party purchaser, Settlement Group Inc., which in turn transferred all rights to Dover Capital Strategies, LLC. In 2015, Dover Capital Strategies sold all rights under the Policy to Policy Services, Inc. Policy Services, then, notified Transamerica that it was the new owner of the Policy and updated the address for notification purposes. Transamerica acknowledged Policy Services as the owner of the Policy and directed correspondence to its address.

In late 2020, Transamerica determined the Policy had entered a grace period, in which additional premiums became due to keep the Policy active. TuYo alleges that pursuant to the Policy terms, Transamerica was required to send a notice to Policy Services indicating the amount owed to keep the Policy active and the date in which the payment was to be made; however, TuYo alleges Transamerica did not send a grace-period notice to Policy Services during January, February, or March of 2021. As a result, Policy Services was unaware the Policy entered a grace period and additional premiums were due to keep the Policy active. Due to the alleged failure to pay, Transamerica delivered a Notice of Termination to Policy Services dated March 16, 2021, informing Policy Services the Policy "lapsed" due to failure to pay the required premium. Pursuant to the Notice of Termination, the premium payment was due March 6, 2021.

TuYo alleges Transamerica extended the due date to June 4, 2021, for Policy Services to pay the Policy premiums to preserve coverage in a letter dated April 1, 2021 (the "Extension Notice"). TuYo alleges on April 22, 2021, Policy Services sent $17,792.00 to Transamerica to take the Policy "out of grace" and prevent lapse. Transamerica rejected the payment and maintained the Policy lapsed, contending the Extension Letter extended the due date to April 2, 2021, and Policy Services failed to make the appropriate premium payment prior to the extended deadline. Policy Services entered Chapter 7 bankruptcy sometime after late 2020. Based upon the facts as alleged, it appears the parties' interaction ceased after the April 2021 Extension Letter and Transamerica's rejection of payment.

TuYo alleges that on March 15, 2022, a year later, it entered into a purchase and sale agreement with Policy Services's bankruptcy trustee to acquire "all right, title, and interest, to include legal remedies, in the Policy", and the bankruptcy court approved the purchase and sale agreement on April 12, 2022. Following this purchase, TuYo asserts it became an assignee of all

of Policy Services rights and legal remedies under the Policy, including all potential causes of action.

TuYo brought this action seeking Declaratory Judgment declaring Transamerica wrongfully terminated the Policy, and TuYo is entitled to make premium payments to bring the Policy current. TuYo also asserts causes of action for breach of contract, deceptive insurance practices in violation of Texas Insurance Code § 541.151(1), unjust enrichment, promissory estoppel, and contract by estoppel. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Transamerica filed this Partial Motion to Dismiss the causes of action of deceptive insurance practices in violation of Texas Insurance Code § 541, unjust enrichment, promissory estoppel, and contract by estoppel. In its Response, TuYo stipulates to dismissal of the contract by estoppel cause of action.

**Legal Standard**

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can

be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

**Discussion**

**1. Deceptive Insurance Practices**

Transamerica contends the Court should dismiss TuYo's cause of action asserting violation of Chapter 541 of the Texas Insurance Code because this cause of action may only be asserted by Policy Services and cannot be assigned. Because this cause of action cannot be assigned, and because TuYo admittedly asserts this cause of action as an assignee of Policy Services's rights under the Policy, specifically, to bring and action against Transamerica for violation of Chapter 541, Transamerica contends the cause of action must fail as a matter of law.

Although it has not addressed the assignability of claims under the Texas Insurance Code, the Texas Supreme Court holds causes of action arising from the Texas Deceptive Trade Practices Act, generally, cannot be assigned by an aggrieved consumer because the cause of action is personal and punitive, not property. *PPG Indus., Inc. v. JMB/Houston Ctrs. Ptrs. Ltd.*, 146 S.W.3d 79, 87 (Tex. 2004); *see also Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 9 (Tex. 1991). Recognizing this authority and reasoning in *PPG Industries*, the "'overwhelming weight

of persuasive authority holds that claims under chapter 541 of the Texas Insurance Code may not be assigned.'" *Texas Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 620 SW.3d 458, 468-69 (Tex. App.—Dallas 2021, pet. filed) (collecting cases)). These Texas federal courts recognize that remedy under the Texas Insurance Code is similarly personal and punitive, and therefore, extend the *PPG Industries* holding to bar assignment of causes of action arising under the Texas Insurance Code. *Id*.; *see e.g.*, *Great Am. Ins. Co. v. Fed. Ins. Co.*, 2006 WL 2263312, at *10 (N.D. Tex. Aug. 8, 2006); *Montoya v. State Farm Mut. Auto. Ins. Co.*, No. 16-00005, 2016 WL 5942327, at *6 (W.D. Tex. Oct. 12, 2016); *Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626 (E.D. Tex. 2010); *Launius v. Allstate Ins. Co.*, No. CIV.A.3:06-CV-0579-B, 2007 WL 1135347, at *6 (N.D. Tex. Apr. 17, 2007).

Following this extensive persuasive authority, this Court concludes causes of action arising under the Texas Insurance Code may not be assigned. As in *Great Am. Ins. Co.*, the Court finds Insurance Code remedies are personal and punitive in nature, the Texas Insurance Code contains no provision for assignability, and Texas Insurance Code damages are intended to encourage suits by aggrieved consumers, only. As in *Great Am. Ins. Co.*, TuYo seeks here to engage in a secondary market of assignment of causes of action arising under the Texas Insurance Code as property in anticipation of litigation for commercial profit, which was unequivocally prohibited in *PPG Industries*, as extended in *Great Am. Ins. Co. See PPG Indus., Inc.*, 146 S.W.3d at 87; *Great Am. Ins. Co.*, 2006 WL 2263312, at *10.

For these reasons, TuYo lacks a cognizable legal theory to state a claim for violation of the Texas Insurance Code as an admitted assignee of the rights and interest, including legal remedy, held by Policy Services. Consequently, this cause of action will be dismissed for failure to state a claim.

**2. Unjust Enrichment**

Transamerica contends the Court should dismiss TuYo's unjust enrichment cause of action because it cannot recover under this equitable theory when the parties' dispute is governed by a valid contract and TuYo holds an adequate legal remedy for breach of this contract.

"A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Unjust enrichment is not an independent cause of action but is a quasi-contractual cause of action based upon the absence of an express agreement. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Cooper v. Gates*, No. 3:16-CV-2630-L, 2017 WL 3209452, at *3 (N.D. Tex. Mar. 7, 2017), report and recommendation adopted, No. 3:16-CV-2630-L, 2017 WL 7512934 (N.D. Tex. Aug. 11, 2017). Consequently, there can be no unjust enrichment claim when a valid, express contract covers the subject matter of the parties' dispute. *Fortune Prod. Co.*, 52 S.W.3d at 684; *Optiv Sec. Inc. v. IHeartmedia Mgmt. Services, Inc.*, No. SA-20-CV-01273, 2021 WL 2156410, at *8 (W.D. Tex. May 27, 2021); *Cooper*, 2017 WL 3209452, at *3.

For this reason, a party may not plead the unjust-enrichment equitable cause in the alternative, in the event the breach of contract claim should fail. Instead, a party may only pursue an unjust enrichment cause of action when one party disputes the existence of a contract governing the dispute. *Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 929 (N.D. Tex. 2014); *Cooper*, 2017 WL 3209452, at *3. Accordingly, in cases where a valid contract governs the parties' disputes, dismissal of the related equitable causes of action is appropriate. *See e.g., Optiv Security Inc.*, 2021 WL 2156410, at *8-9; *Human Power of N. Co. v. Synergixx, LLC*, No. 1:17-cv-1065, 2018 WL 3420820, at *2-3 (W.D. Tex. July 12, 2018).

TuYo does not dispute the validity of the Policy contract, and its contentions all rely upon its validity. Under these facts as alleged, the Policy governs the parties' dispute whether Transamerica provided proper notice of the grace period to pay premiums due and whether Policy Services timely paid the premium to maintain the Policy. In the First Amended Complaint, TuYo alleges it is the assignee of the Policy, seeks a declaration of its rights under the Policy, and seeks to recover for Transamerica's alleged breach of the Policy terms. TuYo alleges, as assignee, it acquired "all right, title, and interest, to include legal remedies, in the Policy." Consequently, a valid, express contract covers the subject matter of the parties' dispute, and determination of the asserted causes of action is dependent upon the terms of the Policy. This equitable cause of action seeks redress for the same behavior and seeks the same legal remedy as the breach of contract cause of action. As remedy for its unjust enrichment cause of action, TuYo seeks a return of premiums or reinstatement of the Policy, which are rights dependent upon the Policy, itself.

To the extent TuYo contends its unjust enrichment cause of action arises out of Transamerica's extension of the premium due date in the Extension Letter, and therefore, falls outside the terms of the initial contract, this argument must fail. The parties' dispute, and the subject matter of this action, is still governed by the terms of the Policy. The terms and validity of the Extension Letter still arise out of and will be interpreted according to the terms of the Policy. In addition, TuYo admits this "lawsuit arises out of, and in response to, the actions and omissions of Transamerica with respect to [the Policy]…this lawsuit arises out [Transamerica's] wrongful termination of the Policy, and wrongful refusal to reinstate the Policy during the contractually provided grace period without full underwriting."

Because the facts as alleged acknowledge the Policy governs the parties' dispute, and TuYo does not dispute the validity of the Policy, the Court concludes TuYo cannot assert the equitable cause of action of unjust enrichment, and therefore, it will be dismissed.

**3. Promissory Estoppel Theory**

For the same reasons as cited for dismissal of the unjust enrichment cause of action, Transamerica contends TuYo's promissory estoppel cause of action should by dismissed.

"Although normally a defensive theory, promissory estoppel is available as a cause of action to a promisee who has reasonably relied to his detriment on an otherwise unenforceable promise." *Team Healthcare/Diagnostic Corp. v. Blue Cross & Blue Shield of Texas*, No. 3:10-CV-1441-BH, 2012 WL 1617087, at *5 (N.D. Tex. May 7, 2012) (citing *Gold Kist, Inc. v. Carr*, 886 S.W.2d 425, 431 (Tex.App—Eastland 1994, pet. denied); *Kelly v. Rio Grande Computerland Grp.*, 128 S.W.3d 759, 769 (Tex.App.—El Paso 2004, no pet.)). For this reason, "[p]romissory estoppel is a narrow exception to the statute of frauds." *Gordon v. Bank of Am. Corp. & Green Tree Serv., L.L.C.*, No. 3:15-CV-902-L, 2015 WL 5872659, at *6 (N.D. Tex. Oct. 5, 2015) (quoting *Trammel Crow Co. v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997)). "To establish promissory estoppel, a plaintiff must establish: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee." *Gordon*, 2015 WL 5872659, at *6 (citing *Metro. Life Ins. Co. v. Haden & Co.*, 158 F.3d 584, 584 (5th Cir. 1998)). To invoke promissory estoppel, the promisee must allege and show the promisor promised to sign a written agreement that complied with the statute of frauds. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 257 n.13 (5th Cir. 2013); *Gordon*, 2015 WL 5872659, at *6.

First, TuYo does not allege Transamerica promised to sign an existing written agreement memorializing the promise to modify the Policy. Instead, TuYo alleges the Extension Letter was the promise to modify the Policy. However, "[i]t is the promise to sign a written agreement or enter into a written agreement that is determinative" when a party asserts promissory estoppel. *Gordon*, 2015 WL 5872659, at *6.

Because TuYo does not allege Transamerica promised to sign an existing written agreement modifying the due date of the premium, the promissory estoppel cause of action must be dismissed. *See Cooper*, 2017 WL 3209452, at *4–5.

Further, "the promissory-estoppel doctrine presumes no contract exists." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 226 (Tex. 2002). As with unjust enrichment, when a valid contract governs the subject matter of the parties' dispute, a cause of action for promissory estoppel does not exist, and if asserted, should be dismissed. *Optiv Security Inc*., 2021 WL 2156410, at *8-9; *Human Power of N. Co*., 2018 WL 3420820, at *2-3; *Cotton v. Texas Express Pipeline, LLC*, No. 6:16-cv-00453, 2017 WL 3709093, at *9 (W.D. Tex. July 19, 2017).

As noted above, TuYo does not dispute the validity of the Policy, and its assertions all rely upon its validity. Under these facts as alleged, as with unjust enrichment, because a valid contract governs the subject matter of the parties' dispute, a cause of action for promissory estoppel does not exist and must be dismissed.

**Conclusion**

For the reasons stated, TuYo's asserted causes of action for deceptive insurance practices in violation of Texas Insurance Code § 541.151(1), unjust enrichment, promissory estoppel, and

contract by estoppel shall be dismissed. The action seeking Declaratory Judgment and the asserted cause of action of breach of contract shall proceed.

It is so ORDERED.
SIGNED this 6th day of December, 2022.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE