IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TUYO HOLDINGS, LLC, | § § § | |
| *Plaintiff,* | § § § | SA-22-CV-00845-DAE |
| vs. | § § § | |
| TRANSAMERICA LIFE INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § | |

### ORDER

Before the Court in the above-styled cause of action are Plaintiff's Opposed Motion to Amend Scheduling Order [#32] and Defendant Transamerica Life Insurance Company's Motion for Protection Regarding Depositions [#34], which were referred to the undersigned for disposition. On August 31, 2023, the undersigned held a hearing on the motions, at which counsel for both parties appeared via videoconference. After considering the motions, the parties' responses and replies thereto [#33, #35, #36], the parties' Joint Advisory [#38], and the arguments of counsel at the hearing, the Court will grant Plaintiff's motion to amend and grant in part Defendant's motion for a protective order.

### I. Plaintiff's Motion to Amend Scheduling Order

By its motion, Plaintiff asks the Court for a modest 60-day extension of the remaining scheduling order deadlines—the deadline for discovery and to file *Daubert* and dispositive motions. Scheduling orders can be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."

1

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation and citation omitted). There are four factors to consider when evaluating good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). All of the factors weigh in favor of granting the requested extension.

Plaintiff timely filed its motion requesting an extension of the remaining deadlines before the expiration of any of the deadlines at issue, and this is the first request for an amendment of the Scheduling Order. There are outstanding depositions that could not be completed before the August 21, 2023 discovery deadline, including expert depositions bearing on possible *Daubert* motions. There is no trial date scheduled in this case, and Defendant was unable to articulate any actual prejudice caused by the extension at the hearing. The Court will grant the motion and issue a separate Amended Scheduling Order regarding the remaining deadlines.

## II.  Defendant's Motion for Protection

Defendant's motion asks the Court for a protective order limiting the scope of the noticed Rule 30(b)(6) deposition of Defendant's corporate representative and disallowing the noticed depositions of Timothy Olmstead and Crystal Huisman, both of whom are current employees of Defendant, as duplicative of the corporate representative deposition. The Court will deny the motion as to the individual depositions and permit these depositions to go forward. The Court will grant in part Defendant's motion to limit the corporate representative deposition topics on several narrow issues and deny the remainder of the motion.

As to the individual depositions of Mr. Olmstead and Ms. Huisman, Defendant argues these depositions are duplicative of the corporate representative deposition and should not be permitted. Plaintiff seeks these individual depositions from fact witnesses who may have personal knowledge about issues relevant to the extension and grace-period letters at issue in this case. Defendant's contention that the individuals' testimony will be duplicative of the testimony of the corporate representative is speculative at this juncture. Plaintiff may proceed with the depositions and question these individuals about their personal knowledge; the corporate representative will speak on behalf of Defendant as to its policies, practices, and procedures as an entity. Nothing in this ruling precludes Defendant from later challenging the relevance of any of the deposition testimony obtained by Plaintiff.

The Court will also deny the majority of Defendant's motion to narrow the corporate representative topics as set forth in Topics 5, 6, 16, 18, and 21. Defendant's corporate representative should be prepared to testify on Defendant's process and decision-making regarding the drafting of the letters as to the grace period for premium payments and the extension of time of the grace period from January 1, 2020, to the present; whether the letters were form letters and whether they went through subsequent revisions; and why the letters were sent to which policyholders.

The Court will limit, however, Topic 16 to the same type of universal life policies as the one at issue in this case. Additionally, as to Topic 18, the corporate representative must be prepared to testify as to the knowledge of the Americas Management Board approval of a 30-day extension of time for all life insurance policies of the same type of universal life policy at issue in this case and how that approval decision was made (i.e., what kinds of communications and decision-making tools were used by Defendant), but the representative need not be prepared to

testify on the contents of all such communications. Finally, as to Topic 21, Defendant has agreed to produce a witness who can testify on third party communication regarding the policy at issue and this lawsuit. However, the corporate representative is protected from answering any questions regarding post-litigation communications between counsel for Defendant and counsel of those third parties.

**IT IS HEREBY ORDERED** that Plaintiff's Opposed Motion to Amend Scheduling Order [#32] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Transamerica Life Insurance Company's Motion for Protection Regarding Depositions [#34] is **GRANTED IN PART** as set forth herein. In all other respects, the motion is **DENIED**.

SIGNED this 6th day of September, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE